UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STAR DIAMONDS INTERNATIONAL LLC and
DHARMESH SHAH,

      Plaintiffs,

– against –

UR MENDOZA JADDOU, ALEJANDRO
MAYORKAS, and MARY ELIZABETH BRENNAN
SENG,

      Defendants.

**ORDER**

23-cv-03040 (ER)

Ramos, D.J.:

  On April 11, 2023, Star Diamonds International LLC and Dharmesh Shah filed a complaint against defendants Ur Mendoza Jaddou, Alejandro Mayorkas, and Mary Elizabeth Brennan Seng.  Doc. 1.  On June 23, 2023, defendants moved to extend the time to respond to the complaint.  Doc. 15.  That same day, the Court granted defendants' request and extended the deadline to respond to August 28, 2023.  Doc. 16.  On August 24, 2023, defendants requested again to extend the time to respond.  Doc. 17.  That same day, the Court granted defendants' request and extended the deadline to respond to October 27, 2023.  Doc. 18.  Upon defendants' request, the Court scheduled a premotion conference for November 9, 2023, which was subsequently rescheduled on parties' consent to November 16, 2023.  Docs. 19—21.  At the premotion conference held on November 16, 2023, the Court granted plaintiffs' request for leave to file an amended complaint by November 27, 2023, and directed defendants to answer or otherwise move by December 12, 2023.  Nov. 16, 2023, Minute Entry.  Neither party filed any subsequent pleadings nor communicated with the Court.  On July 9, 2024, the Court ordered plaintiffs to show cause why this case should not be dismissed for failure to prosecute and

warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute under Rule 41(b)." Doc. 23. Plaintiffs were directed to submit a status letter by no later than July 17, 2024. *Id.* There has no communication from the plaintiffs since the Court's order dated July 9, 2024. For the reasons set forth below, the Court now dismisses plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, plaintiffs have not communicated with the Court nor responded to any of the Court's orders since the November 16, 2023, premotion conference. Plaintiffs have not taken meaningful action to prosecute this case in almost ten months. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, plaintiffs were given clear notice that failure to respond to Court orders could result in dismissal.  The Court specifically warned Plaintiffs, that "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute."  Doc. 23.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because plaintiffs have failed to advance their case for the last ten months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, plaintiffs have not taken advantage of their "right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because plaintiffs have twice ignored Court orders and delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case.  Dismissal is appropriate where, as here, plaintiffs "appear[] to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses plaintiffs' case without prejudice.  The Clerk of Court is respectfully directed to close the case.  The Clerk of Court is further respectfully directed to mail a copy of this order to plaintiffs at

    Vano I. Haroutunian
    Ballon, Stoll, Bader and Nadler
    729 Seventh Avenue,17th Floor
    New York, NY 10019

It is SO ORDERED.

Dated: September 16, 2024
        New York, New York

                                                      Edgardo Ramos, U.S.D.J.